CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 02 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| HERMAN TOMMY PRATER, ) | Civil Action No. 7:10-cv-00360 |
|     Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COOKIE CREWS, et al., ) | By: Hon. James C. Turk |
|     Respondents. ) | Senior United States District Judge |

Herman Tommy Prater[1], a Kentucky inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241[2]. Petitioner argues that the detainer requested by the Scott County Sheriff's Office, on behalf of the Commonwealth of Virginia, and placed in his inmate file by the Kentucky Department of Corrections ("KDOC") is in violation of the Interstate Agreement of Detainers ("IAD"). Petitioner requests as relief a court order dismissing the pending charges against him in a Virginia state court and to release the detainer lodged against him in a Kentucky prison.

Petitioner originally filed the petition in the United States District Court for the Western District of Kentucky ("Kentucky District Court"), which was the district of his confinement at that time. However, by its August 10, 2010 order, the Kentucky District Court determined that both it and this court have concurrent jurisdiction over the petition. The Kentucky District Court further determined sua sponte that the Commonwealth of Kentucky "presumably has little or no interest in the resolution of the claim" and that Virginia would be the most convenient and desirable location to adjudicate the petition. The Kentucky District Court subsequently

---

[1] The original pleading specifically said Prather, but subsequent documents and signatures said Prater.

[2] Plaintiff filed a form petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. However, the court properly construed the habeas petition as arising under 28 U.S.C. § 2241 because petitioner is not challenging the state court judgment for which he is presently incarcerated but rather a detainer lodged against him for a future prosecution in a different state.

transferred the petition to this court.

Upon receiving the petition, the court directed the Clerk to attempt service of the petition on the Kentucky warden having custody of petitioner, the Attorney General of Virginia, and the Attorney General of Kentucky and requested relevant legal and correctional records about the matter. However, the KDOC repeatedly transferred petitioner as the court attempted to serve a custodian. Furthermore, neither a Kentucky warden nor the Kentucky Attorney General has responded to service or provided any record. However, the Attorney General of Virginia filed a motion to dismiss, the Scott County Circuit Court provided a certified copy of indictments[3], and petitioner responded, making the matter ripe for review. After reviewing the very limited record available, the court denies the motion to dismiss and transfers the matter to the District Court for the Eastern District of Kentucky[4] for further proceedings.

I.

Petitioner alleges the following facts in his petition and attachments. Grand juries sitting in Scott County, Virginia, issued their relevant indictments against petitioner in August and September 2003. In March 2007, petitioner requested a transfer to Virginia pursuant to the IAD,

---

[3] In its service order to the Attorney General of Virginia, the court requested the relevant "records and transcripts (or copies thereof) in the state habeas corpus proceedings, the original criminal trial and appeal proceedings, or any other criminal or correctional record, if deemed pertinent and if available, be forwarded to this Court for examination." The Attorney General of Virginia determined that petitioner's criminal records from Scott County are likely pertinent and requested the Clerk of the Scott County Circuit Court to send the court certified copies of the record in state court cases CR03000155-00, CR03000155-01, CR03000155-02, CR03000156-00, CR03000156-01, CR03000156-02, CR03000132-00, CR03000132-01, and CR03000132-02. The court received four months later three pages from the Scott County Circuit Court's Clerk: the indictments, each with three counts listed, sans case numbers (Dkt. no. 25.)

Petitioner sent as attachments to his petition at least one seemingly authentic pleading, bearing the signature of the Scott County Commonwealth's Attorney and discussing matters directly pertinent to petitioner's IAD requests. The court is troubled by the fact that the petitioner can file a copy of a pleading he received, but the Attorney General of Virginia or the Scott County Circuit Court is either unable or unwilling to forward pertinent records as requested.

[4] Since filing the petition, the KDOC has transferred petitioner to numerous facilities until it appears that petitioner is

2

which was signed by the Kentucky Warden then having custody of him, to adjudicate the pending Virginia charges. The Commonwealth responded by lodging a second detainer against him, and petitioner subsequently filed a second IAD request in March 2007. The Commonwealth refused to respond to his IAD requests.

Petitioner filed a motion to dismiss the Virginia charges with the Circuit Court of Scott County ("circuit court") because Virginia officials were not responding to his IAD requests, but the circuit court did not rule on it. In March 2008, petitioner filed a "motion for a ruling" to have the circuit court adjudicate his claims, still to no avail. In May 2008, petitioner filed a petition for a writ of mandamus to require the circuit court to rule on his motion. More than a year later, the Commonwealth filed its opposition to petitioner's motion to dismiss. However, the circuit court did not resolve the matter. In January 2009, petitioner filed another motion to dismiss the indictments without receiving a response. In February 2009, petitioner filed another motion to dismiss the indictments, but the Commonwealth still refuses to release the detainers.

Petitioner stated at the time he filed the petition with the Kentucky District Court that he had to resolve the detainer before he returned to the Kentucky Parole Board to be released on his Kentucky-misdemeanor charge. Petitioner states that his treating physician has told him he is gravely ill with "a short time to live." Petitioner further states that he would be granted a medical parole if the detainer is resolved so he can spend his "remaining days" at home. (Pet'r's signed letter (doc. no. 1-1) 2.) Kentucky officials told him that he would not be released on parole until the detainer was resolved. Plaintiff complains that he has tried to have the detainer resolved since 2007.

---

housed at the Eastern Kentucky Correctional Complex in the Eastern District of Kentucky. See 28 U.S.C. § 97(a).

II.

The IAD is a compact among the states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. See 18 U.S.C. App.; Va. Code. §§ 53.1-210, et seq.; Ky. Rev. Stat. Ann. §§ 440.450, et seq. (LexisNexis 2010). The IAD is a congressionally-sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and is a federal law subject to federal construction. Cuyler v. Adams, 449 U.S. 433, 438-442 (1981). The purpose of the Agreement is "to encourage the expeditious and orderly disposition of [outstanding] charges and determination of the proper status of any and all detainers[5] based on untried indictments, informations or complaints." IAD, Art. I. This purpose was to remedy the problem that:

> [A] prisoner who has had a detainer lodged against him is seriously disadvantaged by such action. He is in custody and therefore in no position to seek witnesses or to preserve his defense. He must often be kept in close custody and is ineligible for desirable work assignments. What is more, when detainers are filed against a prisoner he sometimes loses interest in institutional opportunities because he must serve his sentence without knowing what additional sentences may lie before him, or when, if ever, he will be in a position to employ the education and skills he may be developing.

Cuyler, 449 U.S. at 449 (citing H. R. Rep. No. 91-1018, p. 3 (1970); S. Rep. No. 91-1356, p. 3 (1970)). See Cooper v. Lockhart, 489 F.2d 308, 314, n.10 (8th Cir. 1973) (listing the numerous disadvantages of incarceration with detainer lodged against a prisoner). Before the passage of the IAD, a frequent practice by prosecutors was to file "detainers based on untried criminal charges that had little basis . . . . [that] often would be withdrawn shortly before the prisoner was released[, which]. . . . would have a detrimental effect on the prisoner's treatment." Carchman v.

---

[5] A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent. Cuyler, 449 U.S. at 436 n.3.

4

Nash, 473 U.S. 716, 729 (1985).

To dispose of these detainers, Article III of the IAD establishes a procedure by which a prisoner in the incarcerating State may demand the speedy disposition of "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner" by the detainer-issuing State. If the prisoner makes such a request, the warden must forward it with a certificate documenting the prisoner's terms of confinement to the prosecuting official and court of the detainer-issuing State. The authorities in the detainer-issuing State must then bring the prisoner to trial within 180 days, absent good cause shown, or the court must dismiss the indictment, information, or complaint with prejudice, nullifying the detainer's effect on the prisoner.

The Attorney General of Virginia asserts that petitioner "has not exhausted his state court habeas corpus remedies" to challenge his detainer. A petitioner for federal habeas corpus relief, alleging improper action by a state, generally must exhaust state judicial remedies. See Coleman v. Thompson, 501 U.S. 722, 731 (1991) (requiring state prisoner bringing federal habeas action to show that he exhausted available state remedies). See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-93 (1973) (discussing exhaustion for IAD challenge).

However, failure to exhaust is an affirmative defense, and the Attorney General bears the burden to substantiate the claim. The Attorney General offers that he cannot find any state court habeas proceeding about these claims. However, petitioner "has made repeated demands for trial to the court[] [in] [Virginia], offering . . . an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial. Under these circumstances it is clear that he has exhausted all available state court remedies for consideration of that constitutional

5

claim, even though [Virginia] has not yet brought him to trial." Baden, 410 U.S. at 490. "He comes to federal court, not in an effort to forestall a state prosecution, but to enforce the Commonwealth's obligation to provide him with a state court forum." Id. at 491. Furthermore, Virginia's habeas statute does not provide relief from a detainer lodged out of state for a convict of another state's judgment, and, therefore, is not an available remedy possible of exhaustion. See, e.g., Va. Code. §§ 8.01-654, et seq. (stating petitioner must be seeking relief from unlawful detention). Accordingly, petitioner overcomes the Attorney General's exhaustion argument because he alleges he had the warden sign and send his certificate to Virginia officials and repeatedly requested the state court to adjudicate the delay in bringing him to Virginia for the alleged crimes. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (stating a Rule 12(b)(6) motion requires taking the non-movant's factual allegations as true).

The Attorney General also argues that an IAD violation does not constitute a fundamental defect and does not warrant the Great Writ on federal habeas corpus review absent a showing of prejudice. However, petitioner is not requesting the Great Writ to release him from custody pursuant to a state court judgment; petitioner seeks the release of a detainer that allegedly subjects him to dying in prison despite an available medical parole if it were not for a detainer to which Virginia officials refuse to respond. Based on the current record, the petition is proper for federal review under § 2241 and, alternatively, petitioner's death in prison but for Virginia's delayed adjudication of the detainer constitutes prejudice. Accordingly, the court denies the motion to dismiss.

The court is mindful that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge <u>within their respective jurisdictions</u>."

28 U. S. C. § 2241(a) (emphasis added). See Norris v. Georgia, 522 F.2d 1006, 1009 n.2 (explaining Fed. R. Civ. P. 4 does not provide basis for extraterritorial service to create in personam jurisdiction). See also 16A Federal Procedure § 41:70 (Elec. ed. 2010) ("The location of the district court in which a prisoner brings a petition for habeas corpus is a matter of venue, subject to waiver and forfeiture, rather than subject-matter jurisdiction. The defendants to a habeas petition are entitled to waive any shortcomings in venue or jurisdiction over the person, and those issues also may be forfeited by failure to present them at the proper time."). The writ acts upon a petitioner's custodian; however, the Kentucky warden is able to accommodate only part of petitioner's requested relief. Petitioner requests that the detainer be removed from his file and that the court dismiss the indictments pending in state court. Clearly, a Kentucky custodian does not have the authority to dismiss indictments issued in Virginia. However, the court is also unable to do the same. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Younger v. Harris, 401 U.S. 37, 45 (1971). See 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). Although petitioner argues an important right to a speedy trial, Virginia's courts provide an adequate opportunity to challenge this alleged violation, once the proceedings actually begin. The record does not reveal any prosecutorial bad faith, a flagrantly and patently violative state law, or any extraordinary circumstances that warrant the court's interference in pending Virginia criminal proceedings. Dismissing the pending state court action in Virginia would be an exaggerated response to petitioner's complaints of the detainer impeding his ability to receive a medical

7

parole.

Petitioner's other requested relief is to have the detainer removed from his prison record, which is an act to be done by a Kentucky warden. The Kentucky warden may quash a detainer lodged by another state under limited circumstances, such as when the prisoner's rights under the IAD have been violated and the receiving jurisdiction has failed to dismiss the indictment. Schofs v. Warden, FCI, Lexington, 509 F. Supp. 78, 82 (E. D. Ky. 1981). See Degina v. Carlson, 1986 U.S. Dist. LEXIS 16113, 1986 WL 15401, at *5 (D. Conn. Dec. 22, 1986). However, the court lacks personal jurisdiction over a Kentucky warden in this matter, especially since none of the Kentucky parties responded to service. Thus, the court recognizes that it cannot adjudicate the present petition based on the limited record and the available requested relief. Therefore, the district court for the district of confinement is the more convenient and appropriate venue for this § 2241 habeas petition because of the accessibility of evidence and correctional records. Accordingly, the court transfers this case for any additional proceedings.

III.

For the foregoing reasons, the court denies the motion to dismiss and transfers the action to the United States District Court for the Eastern District of Kentucky.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondents.

**ENTER**: This 2nd day of February, 2011.

/s/ James C. Turk
Senior United States District Judge